IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA PUTCHAT et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TRAVELERS INSURANCE )<br>COMPANY, )<br>)<br>Defendant. ) | Civil Case No. 07cv2051 (RJL) |

**DEFENDANT'S MOTION TO DISMISS COUNT II OF COMPLAINT
AND PLAINTIFFS' PRAYER FOR PUNITIVE DAMAGES**

Defendant The Standard Fire Insurance Company ("Standard Fire"), incorrectly identified in the Complaint as Travelers Insurance Company, moves to dismiss Count II of the Complaint and Plaintiffs' prayer for punitive damages, and states:

1.     In this action, Plaintiffs allege that Standard Fire failed to pay amounts due under their homeowners insurance policy.  Count II of the Complaint alleges only that the "failure to pay plaintiffs the amounts owed under their policy constitutes a bad faith breach of contract."  Plaintiffs seek $98,000 in compensatory damages and $100,000 in punitive damages.

2.     As set forth in *Fireman's Fund Ins. Co. v. CTIA*, 480 F. Supp. 2d 7 (D.D.C. 2007), District of Columbia law does not recognize a claim for bad faith breach of an insurance contract or allow punitive damages for an alleged breach of contract.

3. The Court should therefore dismiss Count II of the Complaint and Plaintiffs' prayer for punitive damages.

4. Standard Fire incorporates by reference the accompanying memorandum of law.

WHEREFORE, Standard Fire requests that the Court dismiss with prejudice Count II of the Complaint, including the accompanying prayer for punitive damages.

                              Respectfully submitted,

                              /s/ *Steven M. Klepper*
                              Steven M. Klepper, Bar No. MD 26664
                              KRAMON & GRAHAM, P.A.
                              One South Street, Suite 2600
                              Baltimore, Maryland  21202
                              410.752.6030 (voice)
                              410.361.8226 (facsimile)
                              sklepper@kg-law.com

                              *Attorneys for Defendant*

Dated: November 20, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CYNTHIA PUTCHAT et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Case No. 07cv2051 (RJL) |
| | ) | |
| TRAVELERS INSURANCE COMPANY, | ) ) | |
| | ) | |
|     Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COUNT II OF COMPLAINT
AND PLAINTIFFS' PRAYER FOR PUNITIVE DAMAGES**

Defendant The Standard Fire Insurance Company ("Standard Fire"), incorrectly identified in the Complaint as Travelers Insurance Company, submits this memorandum of points and authorities in support of its motion to dismiss Count II of the Complaint and Plaintiffs' prayer for punitive damages.

**I.   INTRODUCTION**

In this action, Plaintiffs allege that Standard Fire failed to pay amounts due under their homeowners insurance policy. Count I of the Complaint, entitled "Breach of Contract," seeks the sums allegedly due under the policy. Count II of the Complaint, entitled "Bad Faith Breach of Contract," alleges only that Standard Fire's "failure to pay plaintiffs the amounts owed under their policy constitutes a bad faith breach of contract." District of Columbia law does not recognize a claim for bad faith breach of an insurance

contract or allow punitive damages for an alleged breach of contract. Consequently, the Court should dismiss Count II, including the accompanying prayer for punitive damages.

## II. ALLEGATIONS OF COMPLAINT

For the purposes of this motion, Standard Fire assumes the truth of the factual allegations of the Complaint. The Complaint alleges as follows:

- Plaintiffs own a dwelling located in the District (Complaint, ¶ 2);

- Standard Fire issued to Plaintiffs an insurance policy with respect to the dwelling and its contents (*id.* at ¶ 4);

- the dwelling's basement, fixtures, and personal property sustained water-related damage on August 11, 2001 (*id.* at ¶¶ 5-6);

- Plaintiffs submitted a claim for "additional, non-urgent damages, which totaled approximately $98,000" (*id.* at ¶ 8);

- Standard Fire offered to pay approximately $24,000 to Plaintiffs (*id.* at ¶ 9); and

- after negotiations between the parties stalled, Standard Fire did not pay Plaintiffs sums due under the insurance policy (*id.* at ¶¶ 10-11).

Count I of the Complaint, entitled, "Breach of Contract," alleges that Standard Fire's "failure to compensate plaintiffs for their losses breached their insurance contract and caused plaintiffs the damages described herein." Complaint, at ¶ 13. Count II, entitled "Bad Faith Breach of Contract," alleges that Standard Fire's "failure to pay plaintiffs the amounts owed under their policy constitutes a bad faith breach of contract."

*Id.* at ¶ 15.  Plaintiffs demand "no less than $98,000 in compensatory damages" and "[n]o less than $100,000 in punitive damages for [Standard Fire's] bad faith failure to pay plaintiffs' claim."  *Id.* at p. 3.

### III.   ARGUMENT

#### A.   Standard for Dismissal Under Rule 12(b)(6)

In considering a motion to dismiss for failure to state a claim, the Court should look to the Rule 8 pleading requirements:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  Thus, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Id.* at 1968.[1]

---

[1]   *Twombly* abrogated the dicutm of *Conley* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Twombly*, 127 S. Ct. at 1968-69.

### B. Absence of Cause of Action for Bad Faith Breach of Insurance Contract Under District of Columbia Law

This Court's recent decision in *Fireman's Fund Ins. Co. v. CTIA*, 480 F. Supp. 2d 7 (D.D.C. 2007) (Bates, J.), provides an overview of this Court's decisions disallowing extra-contractual causes of action on insurance policies. The District of Columbia Court of Appeals has not ruled on the existence of a cause of action sounding in tort for bad-faith breach of an insurance contract. *Id.* at 9 (citing *Messina v. Nationwide Mut. Ins. Co.*, 998 F.2d 2, 4 (D.C. Cir. 1993), *State Farm Mut. Auto. Ins. Co. v. Hoang*, 682 A.2d 202, 208 (D.C.1996)).

Nevertheless, this Court repeatedly has disallowed claims for "bad faith" denial of insurance benefits. In *Washington v. Government Employees Ins. Co.*, 769 F. Supp. 383 (D.D.C.1991) ("*GEICO*"), Judge Flannery recognized that the District of Columbia Code provides various remedies against insurers but – unlike the codes other states – affords no cause of action for bad faith refusal to pay. *Id.* at 386. *GEICO* relied on various cases, including one from the District of Columbia Superior Court, holding "that District of Columbia law does not recognize the tort of bad faith denial of an insurance claim." *Id.* (citing *Washington Hosp. Ctr. Corp. v. Smith*, Civ. Nos. 746-85 & 815-83 (D.C. Super. Ct. Mar. 23, 1987)).

"Three decisions issued since *GEICO* have declined to recognize a tort for bad-faith breach of contract; all three have relied upon Judge Flannery's 'sound reasoning.'" *CTIA*, 480 F. Supp. 2d at 10 (citing *American Registry of Pathology v. Ohio*

*Cas. Ins. Co.*, 401 F. Supp. 2d 75, 79 (D.D.C. 2005) (Collyer, J.); *Brand v. Gov't Employees Ins. Co.*, 2005 WL 3201322, at *5 (D.D.C. Nov.29, 2005); *American National Red Cross v. Travelers Indem. Co. of R.I.*, 896 F. Supp. 8, 12 n.4 (D.D.C.1995) (Harris, J.)).

"The result reached in *GEICO* is also consistent with Maryland law, which is the basis for the District of Columbia's common law and therefore is 'an especially persuasive authority when the District's common law is silent.'" *CTIA*, 480 F. Supp. 2d at 11 (quoting *Napoleon v. Heard*, 455 A.2d 901, 903 (D.C.1983)). Maryland courts consistently have refused to recognize a claim for "bad faith" denial of insurance benefits. *Id.* (citing *Mesmer v. Maryland Auto. Ins. Fund*, 725 A.2d 1053, 1061 (Md. 1999), *Vigilant Ins. Co. v. Luppino*, 723 A.2d 14, 17 (Md. 1999), *McCauley v. Suls*, 716 A.2d 1129, 1133 (Md. Ct. Spec. App. 1998)).

Count II of the Complaint, alleging nothing more than that Standard Fire's "failure to pay plaintiffs the amounts owed under their policy constitutes a bad faith breach of contract," falls squarely within the prohibition of the above authorities. The Court should therefore dismiss Count II with prejudice.

### B.     Unavailability of Punitive Damages for Breach of Contract

The general rule in the District of Columbia is that an alleged "malicious breach of contract" does not give rise to a claim for punitive damages. *CTIA*, 480 F. Supp. 2d at 16 (quoting *McIntosh v. Aetna Life Ins. Co.*, 268 A.2d 518 (D.C. 1970)). In *CTIA*, Judge Bates surveyed District of Columbia law holding that an alleged willful breach of

contract cannot give rise to a claim for punitive damages. *Id.* at 13-15 (citing *Brand*, 2005 WL 3201322, at *5 (dismissing punitive-damages request attached to breach-of-contract action because bad-faith refusal to pay insurance claim is not a tort recognized under D.C. law), *American Nat. Red Cross v. Travelers Indem. Co. of R.I.*, 924 F. Supp. 304, 309 (D.D.C. 1996) (the "bare assertion of bad faith does not, in and of itself, justify sending the punitive damages issue to the jury"), *McIntosh v. Aetna Life Ins. Co.*, 268 A.2d 518, 521 (D.C.1970) (affirming denial of punitive damages where plaintiff did not demonstrate that breach of a contractual obligation to pay insurance claim assumed the character of a tort and stating that "this case falls squarely within the rule that there is no recovery for a malicious breach of contract")). Plaintiffs' prayer for punitive damages, which is part and parcel of their unrecognized claim for bad-faith breach of contract, contravenes the established law of the District. The Court should therefore dismiss with prejudice the prayer for punitive damages.

### III.   CONCLUSION

For the reasons stated above, the Court dismiss with prejudice Count II of the Complaint, including the accompanying prayer for punitive damages.

Respectfully submitted,

　/s/ *Steven M. Klepper*　
Steven M. Klepper, Bar No. MD 26664
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202
410.752.6030 (voice)
410.361.8226 (facsimile)
sklepper@kg-law.com

*Attorneys for Defendant*

Dated: November 20, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CYNTHIA PUTCHAT et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Case No. 07cv2051 (RJL) |
| | ) | |
| TRAVELERS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Upon consideration of Defendant's Motion to Dismiss Count II of Complaint and Plaintiffs' Prayer for Punitive Damages ("the Motion"), and any opposition thereto, it is this date hereby

**ORDERED** that the Motion is **GRANTED**. For the reasons stated in *Fireman's Fund Ins. Co. v. CTIA*, 480 F. Supp. 2d 7 (D.D.C. 2007), Count II of the Complaint, including the accompanying prayer for punitive damages, is hereby **DISMISSED WITH PREJUDICE**.

    **SO ORDERED.**

                                          **RICHARD J. LEON**
                                          **United States District Judge**

Dated: