IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA PUTCHAT et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TRAVELERS INSURANCE )<br>COMPANY, )<br>)<br>Defendant. ) | Civil Case No. 07cv2051 (RJL) |

## ANSWER

Defendant The Standard Fire Insurance Company ("Standard Fire"), incorrectly identified in the Complaint as Travelers Insurance Company, responds to the allegations of the Complaint as follows:

1. The allegations of paragraph 1 consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Admitted, on information and belief.

3. In response to the allegations of paragraph 3, Standard Fire states that it is an insurer incorporated in Connecticut, with its principal place of business in Hartford, Connecticut, and that it is admitted in the District of Columbia.

4. In response to the allegations of paragraph 4, Standard Fire states that it issued to Plaintiffs a homeowners policy ("the Policy") with respect to the Property that was in effect on August 11, 2001.

5-6. In response to the allegations of paragraphs 5-6, Standard Fire states that Plaintiffs reported such a claim to Standard Fire on August 12, 2001. Standard Fire is without knowledge or information sufficient to form a belief as to the full details of Plaintiffs' account of the loss.

7. In response to the allegations of paragraph 7, Standard Fire admits the allegations of the first sentence, denies the allegations of the second sentence, admits the allegations of the third sentence, and is without knowledge or information sufficient to form a belief as to the truth of the allegations of the fourth sentence.

8. In response to the allegations of paragraph 8, Standard Fire states that Plaintiffs submitted an inadequately documented claim for damage to personal property approximately two years after the loss.

9. In response to the allegations of paragraph 9, Standard Fire denies that it "waited" to respond to the personal property claim, as it was working with the information that Plaintiffs took approximately two years to submit; Standard Fire states that, by letter dated December 28, 2004, Standard Fire offered "a replacement cost value settlement of $39,876.00. From that depreciation of $16,006.75 would be withheld allowing an actual cash value payment of $23,869.25. As [Plaintiffs] replaced items, they could submit those receipts to [Standard Fire] and receive the depreciation holdback up to

$16,006.75." Standard Fire further states that it reserved its rights in its dealings with Plaintiffs, who failed to comply with their obligations under the Policy or to appropriately prove their claim for loss to personal property.

10. In response to the allegations of paragraph 10, Standard Fire states that Plaintiffs never formally responded to the above-identified settlement offer, and that Standard Fire closed its file for lack of action by Plaintiffs on August 25, 2005.

11. In response to the allegations of paragraph 11, Standard Fire states that it has paid approximately $21,977.34 to Plaintiffs for damage to their dwelling, and that Plaintiffs failed to comply with their obligations under the Policy with respect to their claim for personal property.

12. Standard Fire incorporates by reference its responses to paragraphs 1 through 11 of the Complaint.

13. Denied.

14-15. Standard Fire is moving to dismiss Count II of the Complaint and therefore no response is required to paragraphs 14-15. To the extent that a response is deemed required, Standard Fire incorporates its responses to paragraphs 1 through 13 and denies paragraph 15.

**All allegations of the Complaint not specifically admitted above are denied.**

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' rights, if any, against Standard Fire are subject to and limited by the terms of the Policy, including all conditions, exclusions, definitions, deductibles, and limits of liability.

3. The Complaint is barred to the extent of the payments made by Standard Fire to Plaintiffs in the amount of $21,977.34.

4. The statute of limitations bars the Complaint, which was filed over six years after the loss and over four years after Plaintiffs submitted their claim for personal property.

5. Plaintiffs' claims are barred by their failure to comply with various provisions of Section I, Condition 2 of the Policy, "Your Duties After Loss," including but not limited to their obligation to submit to examination under oath as often as Standard Fire reasonably requires (Condition 2.f.1) and their obligation to submit a signed, sworn statement of loss setting forth an inventory of damaged personal property within sixty days after Standard Fire requests (Condition 2.g.6).

6. Plaintiffs' claims are barred by their failure to comply with Section I, Condition 8 of the Policy, "Suit Against Us," which provides that no action shall be brought unless there has been compliance with the policy provisions and the action is commenced within one year after the occurrence causing loss or damage.

---

7.	Standard Fire incorporates by reference its contemporaneously filed Motion to Dismiss Count II of the Complaint and Plaintiffs' Prayer for Punitive Damages.

8.	Standard Fire reserves the right to amend or supplement its defenses as additional facts become known

        Respectfully submitted,

        /s/ *Steven M. Klepper*
        Steven M. Klepper, Bar No. MD 26664
        KRAMON & GRAHAM, P.A.
        One South Street, Suite 2600
        Baltimore, Maryland 21202
        410.752.6030 (voice)
        410.361.8226 (facsimile)
        sklepper@kg-law.com

        *Attorneys for Defendant*

Dated: November 20, 2007